UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONALD HOEPNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-04067-SLD-JEH |
| UNITED STATES OF AMERICA[1] | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is now before the Court on Defendant the United States of America's Motion to Dismiss, ECF No. 2. For the reasons set forth herein, the United States's Motion is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Donald C. Hoepner, who is proceeding *pro se*, filed a small claims action in the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County on April 22, 2014, against the Internal Revenue Service ("IRS") demanding a tax refund of $500. Notice of Removal, ECF No. 1. The United States removed the case to this Court on July 31, 2014. *Id.* Although the legal basis of Plaintiff's claim is unclear, Hoepner seeks a "refund of taxation during Oct. 1–16, 2013, when government was shut down – no government, plus court costs."[2] Notice of Removal 5.

---

[1] Hoepner improperly named the Internal Revenue Service as the defendant in this case. The proper defendant is the United States. *See* 26 U.S.C. § 7422(f)(1). Therefore, the Court has substituted the United States for the Internal Revenue Service. *Id.* at § 7422(f)(2); *see also Salah v. United States*, 11 Fed. Appx. 603, n.* (7th Cir. 2001) (unpublished).

[2] The U.S. government was partially shut down from October 1, 2013, to October 16, 2013, during which over 850,000 government employees from almost every agency and department were furloughed. *Impact and Costs of*

The United States moves to dismiss Hoepner's complaint under Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure. Def.'s Mem. Supp. Mot. Dis. 1–8, ECF No. 3. First, the United States argues that the case should be dismissed because Hoepner brought this action against an improper defendant. *Id*. at 1-2. However, as indicated in the Court's first footnote, *supra*, Hoepner's error is easily remedied. The United States next argues that Plaintiff failed to properly serve it pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. *Id.* at 2. Third, the United States argues that the Court lacks subject matter jurisdiction because Hoepner has not yet filed an administrative tax refund claim with the IRS. *Id.* at 3–4. Finally, the complaint should be dismissed because there is no waiver of sovereign immunity and because Hoepner's complaint is frivolous. *Id.* at 4–8.

## DISCUSSION

There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) facial attacks "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); and (2) factual attacks challenge the truth of the jurisdictional facts alleged in the pleadings, generally via the challenger's external facts, *see id.* at 444. In reviewing a facial attack, the court "must consider the allegations of the complaint as true." *Id.* Thus, a case may be dismissed on a facial challenge when it is clear from the complaint that a federal question was raised solely for the purpose of obtaining jurisdiction or where a federal claim is insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992). However, in reviewing a factual attack the court may "weigh the evidence and satisfy itself as to the existence

---

*the October 2013 Federal Government Shutdown* 13, Office of the President of the United States 2013 (accessed on March 9, 2015), http://www.whitehouse.gov/sites/default/files/omb/reports/impacts-and-costs-of-october-2013-federal-government-shutdown-report.pdf

of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Apex Digital, Inc.* 572 F.3d at 444.

Under Section 7422(a) of the Internal Revenue Code,[3] a district court lacks jurisdiction over a taxpayer's refund claim that has not been filed first with the IRS. *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) ("The Internal Revenue Code authorizes suits for refund of taxes paid to the federal government, but expressly and without exception conditions the right to sue on the taxpayer having first requested a refund from the Secretary of the Treasury . . . ."). Section 7422(a)'s filing and statutory prerequisites serve several purposes.

> First, they ensure that the IRS has been given adequate notice of the nature of the claim and the specific facts upon which it is predicated, permitting administrative review and determination. Second, they give the IRS an opportunity to correct any errors that may have been made. Third, they limit the scope of the refund litigation.

*Hefti v. IRS*, 8 F.3d 1169, 1173 (7th Cir. 1993). Hoepner has failed to allege the requisites for a refund suit – namely, that he has indeed filed a written claim with the IRS in a timely manner.[4] Hoepner's failure to do so deprives the Court of jurisdiction.

It would be proper for the Court to dismiss this matter on the preceding basis alone; however, Hoepner has also failed to properly effectuate service of process. A federal court may not exercise personal jurisdiction over a defendant absent service of process or waiver of service

---

[3] Section 7422(a) of the Internal Revenue code provides that:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.
26 U.S.C. § 7422(a).

[4] Section 6511(a) of the Internal Revenue code states that:
Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . . .
26 U.S.C. § 6511(a).

by the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 350 (1999). To serve the United States, a plaintiff must serve a copy of the summons and complaint on the United States Attorney's Office for the district where the action is brought, the United States Attorney General, and the agency whose action is challenged. *See* Fed. R. Civ. P. 4(i)(1). The Rules concerning service on the United States as a defendant are strictly applied. *See Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) (holding that the plaintiff must serve the United States in the way Rule 4 requires; actual notice is insufficient). Hoepner's decision to proceed *pro se* does not excuse his failure to comply with procedural rules. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted).

Hoepner asserts that he made numerous attempts to contact the IRS and otherwise seek guidance regarding how to effectuate service. Pl.'s Resp. 2–3, ECF No. 5. To that end, Hoepner states that "an attorney service did research and gave an address that they believed correct and the address was used." *Id.* at 3. However, this attempt at service was clearly insufficient and Hoepner fails to identify any evidence that the United States waived service. Accordingly, the Court concludes that Hoepner has not properly effectuated service on the United States.

Because Hoepner has failed to allege facts supporting this Court's subject matter jurisdiction and failed to show that he gave sufficient service of process, the Court need not consider the Government's alternative Rule 12(b)(6) ground for dismissal.

## CONCLUSION

For the aforementioned reasons, the Government's Motion to Dismiss, ECF No. 2, is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

Entered this 13th day of March, 2015.

                                        s/ Sara Darrow
                                        SARA DARROW
                                        UNITED STATES DISTRICT JUDGE